IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY STALLINGS | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:04CV00645 SWW |
| JOYCE BRADLEY BABIN, Chapter 13 | * | |
| Standing Trustee, in her official capacity | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | * | |
| | * | |

**ORDER**

Plaintiff Kimberly Stallings ("Stallings") brings this employment discrimination suit against Joyce Bradley Babin ("Babin"), Standing Chapter 13 Trustee for the Eastern and Western Districts of Arkansas. Stallings claims that Babin discriminated against her because of her gender, in violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991. Before the Court are Babin's motion for summary judgment (docket entry #52), Stallings' response (docket entries #68, #69, #70, #78), and Babin's reply (docket entry #76). After careful consideration, and for the reasons that follow, the Court finds that Babin's motion should be granted.

**I.**

1

The following facts are undisputed.[1]  In 1985, A.L. Tenney, former Chapter 13 Standing Trustee for Arkansas, hired Stallings.  Tenney retired in 1995, and David D. Coop succeeded Tenney.  In 2001, the Arkansas Chapter 13 Standing Trusteeship was divided into three trusteeships, and Defendant Babin was appointed to fill one of the trustee positions.   Babin selected Stallings to work in her office as a case analyst/claims administrator, a supervisory position.

On Sunday, July 28, 2002, Stallings called Babin and told her she would be absent from work the next day because she had an appointment to see a doctor and have x-rays taken.  *See* docket entry #69 (filed under seal), ¶¶2, ¶ 36.   Stallings told Babin that, in addition to meeting her scheduled appointments, she planned to obtain a handicap parking pass.  *See id*.

 Babin knew that Stallings had x-rays taken on July 26, 2002, and she doubted that Stallings' doctor would order more x-rays only two days later.  *See* docket entry #53, ¶26.  Accordingly, Babin called Stallings' doctor's office to confirm that Stallings had a doctor's appointment on July 29, 2002.  A office assistant told Babin that Stallings' next appointment was scheduled for August 23, 2002.  *Id*., ¶ 28.

On July 30, 2002, Stallings returned to work and told Babin she met her doctor's appointment and had x-rays taken during her absence on July 29, 2002.  *See* docket entry #53, Ex. 3 at 119-20 (Stallings Dep, Vol. 2) ; *see also* docket entry #69, ¶39 (filed under seal).  In

---

[1]Pursuant to Local Rule 56.1, a party moving for summary judgment must submit a "statement of the material facts as to which it contends there is no genuine issue to be tried" and the non-moving party must submit a "short and concise statement of the material facts as to which it contends a genuine issue exists to be tried."  Under the Local Rule, all material facts set forth in the statement filed by the moving party "shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . . "

2

fact, Stallings told Babin that her doctor's appointment was at 1:15 in the afternoon and lasted 2 hours.  *See id.*  Babin told Stallings that her doctor's office could not confirm that she had an appointment on July 29, 2002.  Stallings told Babin that would bring her a document verifying her appointments.

Stallings never produced a document confirming her alleged July 29, 2002 doctor's appointment and x-rays.  It is undisputed that Stallings did not meet a doctor's appointment or have x-rays taken on July 29, 2002, and her representations to Babin were false.[2]

By letter dated August 26, 2002, Babin terminated Stallings' employment.  The termination letter states in part as follows: "Because of your numerous misrepresentations and your efforts to conceal your misrepresentations regarding your July 29, 2002 appointment . . . your employment is terminated effective August 26, 2002."  Docket entry #53, Ex. 16.

**II.**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

---

[2]In her brief in opposition to summary judgment, Stallings states that she lied to Babin about seeing a doctor because she was "scared to death of Babin."  Docket entry #68 at 13.

586 (1986). When considering a motion for summary judgment, a court must construe all evidence in favor of the non-moving party. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

### III.

Stallings claims that Babin discriminated against her based on her gender by terminating her employment and subjecting her to a hostile work environment. Babin moves for summary judgment on grounds that Stallings is unable to establish gender discrimination under either theory.

**Discriminatory Discharge**

Because Stallings presents no evidence that gender discrimination motivated Babin's decision to terminate her employment, "[she] must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004). Under the three-stage order of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), Stallings must first establish a prima facie case of gender discrimination. If she establishes a prima facie case, Babin must articulate a legitimate, nondiscriminatory reason for terminating her. *Rothmeier v. Investment Advisers, Inc*., 85 F.3d 1328, 1332 (8th Cir. 1996). Finally, the burden shifts back to Stallings to show that the proffered reasons are pretextual and that her gender was the real reason for her termination.

Babin asserts that Stallings cannot prevail on her wrongful discharge claim because, even if she could establish a prima facie case of discrimination, she is unable to establish a triable issue of pretext. To make the showing of pretext necessary to survive summary judgment, Stallings must (1) discredit Babin's asserted reasons for terminating her and (2) show that the circumstances permit a reasonable inference that her gender was the real reason for her termination. *Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005)(citation omitted).

Stallings asserts that Babin's stated reason for terminating her does not "hold up under scrutiny" because she eventually gave Babin documentation that she "in fact did appear at Dr. Shock's office on July 29, 2002." Docket entry #68, at 17. During her deposition on June 24, 2005, Stallings produced a form dated August 6, 2002, signed by E.E. Shock, a physician, which states: "Kim Stallings . . . excuse for office appointment, 7/26/02 . . . unable to see [patient] on 7/29/02 doctor not in clinic on that date." Docket entry #68, Ex. J(7)(filed under seal). The Court disagrees that the note signed by Dr. Shock controverts Babin's stated reason for terminating Stallings. First, Stallings testified that she never gave the note to Babin. *See* docket entry #68, Ex. J at 113 (filed under seal). Second, even if the note indicated that Stallings made an appearance at a doctor's office on July 29, 2002, it does nothing to discredit the stated reason for her termination: that she misrepresented to Babin that she attended scheduled appointments to see a doctor and for x-rays on July 29, 2002.

Stallings argues that her termination occurred under circumstances giving rise to an inference of discrimination because "no male employee of Babin was ever required to produce a doctor's excuse." Docket entry #68, at 17. Babin never required that Stallings produce a doctor's excuse. Stallings volunteered to produce a document showing that she had a doctor's

5

appointment and x-rays on July 29, 2002, and Babin agreed that Stallings should produce the document.  Furthermore, Babin has come forward with undisputed evidence that on July 22, 2002, she contacted a male employee's doctor to confirm his medical appointments and treatment.  *See* docket entry #53, Ex. 1 (Babin Aff.) at ¶27.  Stallings presents no evidence that she was treated differently than similarly-situated male employees.  The Court agrees that no genuine issues exist for trial with respect to Stallings' claim that Babin terminated her employment based on her gender.

### **Hostile Environment**

To hold an employer liable for a hostile work environment caused by the actions of a supervisor, the aggrieved employee must show: (1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected-group status; and (4) the harassment affected a term, condition, or privilege of employment. *See Carter v. Chrysler Corp.*, 173 F.3d 693, 700 (8th Cir.1999).

An employer creates an actionable hostile work environment if "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993).  To be actionable, an allegedly hostile work environment must be both objectively and subjectively offensive--one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)(setting forth standards to evaluate claims of hostile work environment based upon sexual harassment); *see also Gipson v. KAS Snacktime Co.*, 171 F.3d 574, 578 (8th Cir. 1999) ("The same standards are generally used

to evaluate claims of hostile work environment based upon sexual harassment and racial harassment.").

Stallings makes the following allegations in support of her hostile environment claim:

- "Babin told Stallings at the beginning of Babin's career with the Chapter 13 office, "I don't know if I'm going to like you or not." Docket entry #68, at 11 (filed under seal).

- "Under Babin, Stallings stayed stressed all the time." *Id*.

- "Babin's attitude toward Stallings was not like her attitude towards the male gender.  Babin watched Stallings constantly at work, but did not watch the male employees." *Id*.

- "Babin made Stallings her feel very uncomfortable when she was around her, whether she was talking to her about personal things or about things at work." *Id*. at 12.

- "Anything that Stallings tried to discuss with Babin, she was made to feel uncomfortable." *Id*.

- "The whole time Stallings was with Babin's Trusteeship, she was unable to talk to Babin and Babin was rude to her." *Id*. at 16.

- "Stallings felt that Babin did not like her because Stallings knew more than Babin did when Babin first came to the trusteeship." *Id*.

- "Stallings felt that if Babin had to ask her a question, Babin resented her for it." *Id*.

Stallings fails to allege a single incident of gender-based harassment or any evidence that Babin has taken action against her motivated by a hostility toward women.  The Court finds no genuine issues for trial with regard to Stalling's hostile environment claim.

For the reasons stated, Defendant's motion for summary judgment (docket entry #52) is GRANTED.   There being no remaining issues for trial, pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.  All pending motions are

DENIED AS MOOT.[3]

IT IS SO ORDERED THIS 15TH DAY OF MARCH, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Among the motions pending is Stallings' motion to strike evidence presented in support of Babin's motion for summary judgment. Stallings fails to specify the facts or materials that she believes should be stricken. In any event, the Court finds that all facts and materials referenced in this order were properly considered in deciding Babin's motion for summary judgment.